# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Maximiliano VENTURA-Gomez,<br><br>　　　　　　　Defendant. | Case No.: **25mj6340**<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C. § 1326<br>Attempted Entry after Deportation<br>(Felony) |

　　　The undersigned complainant being duly sworn states:

　　　On or about November 17, 2025, within the Southern District of California, Defendant Maximiliano VENTURA-Gomez, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose i.e., conscious desire, to enter the United States at the San Ysidro, California Port of Entry, without the Attorney General of the United States or designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the Defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

　　　The complainant states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Desirae M. Zavala, CBP Officer
　　　　　　　　　　　　　　　　　　　U.S. Customs and Border Protection

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, on November 18, 2025.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　HON. DAVID D. LESHNER
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On November 17, 2025, at approximately 11:05 A.M., R.V.P., a Mexican citizen, applied for admission into the United States from Mexico via the San Ysidro, California Port of Entry vehicle primary lanes as the sole visible occupant of a red Nissan Sentra bearing Mexico license plates. Upon inspection before a United States Customs and Border Protection (CBP) Officer, R.V.P. presented his Border Crossing Card (DSP-150). The CBP Officer received two negative customs declarations and asked R.V.P where he was going to which he replied "Chula Vista, CA." The CBP Officer proceeded to conduct a cursory inspection of the vehicle and instructed R.V.P to unlock the trunk, discovering two individuals concealed within. The CBP Officer radioed for assistance and secured the driver in handcuff restraints to be escorted to the security office. Another CBP Officer drove the vehicle to the vehicle secondary lot for further inspection.

In secondary, two male individuals were assisted out of the vehicle and escorted to the security office for initial processing. In the security office, one male was identified as Maximiliano VENTURA-Gomez (Defendant). Defendant was queried by fingerprint and photograph submission through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). IDENT and IAFIS returned a match to the query linking Defendant to Federal Bureau of Investigation (FBI) and Department of Homeland Security (DHS) records which identified Defendant as Maximiliano VENTURA-Gomez, a citizen of Mexico and a previously deported alien.

1     Further DHS records revealed Defendant was ordered expeditiously removed from
2 the United States to Mexico on or about October 29, 2025, and was subsequently physically
3 removed from the United States to Mexico on or about November 6, 2025, via Del Rio,
4 Texas. DHS records contain no evidence Defendant has applied for or received permission
5 from the United States Attorney General or the designated successor, the Secretary of the
6 Department of Homeland Security, to legally re-enter the United States.

8     During a video-recorded interview, Defendant was advised of his Miranda rights and
9 elected to make a statement. Defendant stated he was a Mexican citizen with no legal rights
10 to enter, reside or cross into the United States. Defendant stated he has lived illegally in the
11 United States for over two years. Defendant admitted to being previously removed by an
12 Immigration Judge from the United States to Mexico. Defendant stated he was going to pay
13 an unknown smuggler $16,000 United States Dollars upon successful entry into the United
14 States. Defendant stated he intended to go to Salinas, California to live and work.